# *Exhibit 1*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. | ) ) ) |
| Nominal Defendant. | ) |

Case No. 1:16-cv-03970-ALC

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of September 7, 2016 (the "Stipulation"), is made and entered into by the undersigned parties to the action *Simpson v. Michelson, et al.*, No. 1:16-cv-03970-ALC (the "Action"), pending before the United States District Court for the Southern District of New York (the "Court"). The plaintiff in the Action is Stuart Simpson ("Plaintiff"). The defendants in the Action are: individual defendants Leslie D. Michelson, Edward G. Rendell and Edward M. Weil, Jr. (collectively, the "Individual Defendants") and nominal defendant American Realty Capital – Retail Centers of America, Inc. ("RCA" or the "Company," and with the Individual Defendants, the "Defendants," and with Plaintiff, the "Parties"). The Stipulation states all of the terms of the settlement and resolution

of this matter and is intended by the Parties to fully and finally compromise, resolve and settle the Released Claims,[1] subject to the approval of the Court.

WHEREAS, on April 29, 2016, RCA filed a Definitive Proxy Statement on Schedule 14A with the Securities and Exchange Commission (the "Proxy") soliciting RCA stockholders to approve nine amendments to RCA's Articles of Amendment and Restatement (the "Charter") at the Annual Meeting of stockholders on June 29, 2016 (the "Annual Meeting");

WHEREAS, the proposed Charter amendments included two proposals – Proposal No. 8, "Approval of Proposed Amendments to the Charter to Remove or Revise Certain Provisions Regarding the Conduct of Company Business," and Proposal No. 11, "Approval of Proposed Amendments to the Charter to Remove or Revise Provisions Relating to our Sponsor and Advisor and their Affiliates" (the "Proposed Amendments");

WHEREAS, on May 26, 2016, Plaintiff filed a Verified Individual and Shareholder Derivative Complaint (the "Complaint") alleging that by disseminating the Proxy and seeking approval of the Proposed Amendments, the Individual Defendants violated Section 14(a) of the Securities Exchange Act by (1) failing to disclose (a) the effects of the Proposed Amendments on stockholders rights in the event of a "roll-up" transaction, and (b) that Defendants are currently planning a roll-up transaction; and (2) unlawfully "bundling" multiple unrelated items within the two Proposed Amendments;

WHEREAS, on June 1, 2016, Plaintiff filed a Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support thereof (the "Motion") to enjoin the stockholder vote until and unless Defendants cured the allegedly materially misleading and deficient Proxy and unbundle the Proposed Amendments;

---

[1] Certain capitalized terms are defined in ¶ 1 below.

WHEREAS, on June 2, 2016, the Court entered an order setting a hearing for Plaintiff's Motion for Preliminary Injunction for June 13, 2016, and instructing Defendants' counsel to serve answering papers to Plaintiff's Motion no later than 5:00 p.m. on June 9, 2016;

WHEREAS, on June 2, 2016, the Parties began arm's-length discussions regarding potential grounds to resolve the Action;

WHEREAS, on June 8, 2016, the Parties entered into a Memorandum of Understanding ("MOU") containing the terms for the Parties' agreement-in-principle to resolve the Action. Among other things, the MOU set forth the Parties' agreement-in-principle that, in consideration for the full and final settlement and release of Plaintiff's Released Claims by Plaintiff and RCA and the dismissal with prejudice of the Action, Defendants would withdraw the Proposed Amendments from consideration at the Company's Annual Meeting, and not seek to modify the Company's Charter to effectuate the Proposed Amendments in the future without seeking stockholder approval.

WHEREAS, in connection with the MOU, Defendants further agreed that "(1) the pendency and prosecution of the Action was a meaningful contributing factor in Defendants' decision to withdraw the Proposed Amendments, and (2) withdrawing the Proposed Amendments creates a substantial benefit for the Company and its stockholders which entitles Plaintiff's Counsel to a reasonable Fee and Expense Award";

WHEREAS, on June 9, 2016, Defendants filed Definitive Additional Materials on Schedule 14A supplementing the Proxy (the "Supplemental Proxy").  The Supplemental Proxy withdrew the Proposed Amendments from stockholder consideration at RCA's annual meeting. A copy of the Supplemental Proxy is attached as Exhibit A;

WHEREAS, on June 9, 2016, Plaintiff withdrew his Motion and notified the Court that the Parties had come to an agreement-in-principle to settle the Action pursuant to the MOU;

WHEREAS, on June 10, 2016, the Court adjourned the hearing on Plaintiff's Motion;

WHEREAS, Plaintiff's Counsel state that based upon their review of available information, including publicly available information and an extensive investigation by Plaintiff's Counsel, and Defendants having withdrawn the Proposed Amendments from RCA stockholder consideration, and agreeing not to modify the Charter to effectuate the Proposed Amendments without stockholder approval, Plaintiff believes that the Settlement described herein is fair, reasonable and adequate and confers substantial benefits on, and is in the best interests of, RCA and its stockholders;

WHEREAS, Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability, or damage to Plaintiff or RCA, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that the Proxy or any other public disclosures were in any way deficient, deny that they acted improperly in any way, believe that they acted properly at all times, believe the Action has no merit, and maintain that they have committed no disclosure or bundling violations, but wish to enter into the Settlement solely because they consider it desirable that the Action be settled and dismissed with prejudice in order to, among other things, eliminate the burden, inconvenience, expense, risk, and distraction of further litigation, finally put to rest and terminate all the claims that were or could have been asserted against Defendants in the Action, and thereby permit the stockholder vote on the other proposed items not challenged by Plaintiff to proceed without risk of injunctive or other relief;

WHEREAS, Plaintiff and Plaintiff's Counsel state that they brought Plaintiff's claims in good faith and continue to believe that Plaintiff's claims have legal merit, and the entry by Plaintiff into this Stipulation is not an admission as to the lack of merit of any claims asserted in the Action, but that Plaintiff is entering into this Stipulation because Plaintiff and Plaintiff's Counsel believe the Settlement provides substantial benefits to RCA and RCA stockholders and is fair, reasonable and adequate;

WHEREAS, the Parties believe that it is reasonable to pursue the Settlement of the Action before the Court based upon the terms, benefits and protections outlined here.

NOW THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and among the Parties, through their respective counsel, subject to approval of the Court and the other conditions set forth here, for the good and valuable consideration set forth here and conferred on Plaintiff and RCA, the Action shall be finally and fully settled, compromised and dismissed on the merits and with prejudice, and all Released Claims as against the Released Parties shall be finally and fully compromised, settled, released and dismissed with prejudice, in the manner and upon the terms and conditions hereafter set forth.

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

(a)      "Action" means the above-captioned matter, *Simpson v. Michelson, et al.*, No. 1:16-cv-03970-ALC (S.D.N.Y.).

(b)      "Court" means the United States District Court for the Southern District of New York.

(c)      "Defendants" means the Individual Defendants and nominal defendant RCA.

-5-

(d)     "Defendant's Counsel" means the law firm of Proskauer Rose LLP.

(e)     "Effective Date" means the first day by which all of the events and conditions specified in paragraph 10 of this Stipulation have been met and have occurred.

(f)     "Final Approval of Settlement" means the first business day following the date on which the Court has entered a Final Order and Judgment approving the Settlement, dismissing the Action with prejudice on the merits and with each Party to bear its own costs (except as otherwise explicitly provided here), and providing for the releases set forth in paragraphs 6 and 7 below, and that such Final Order and Judgment is final and no longer subject to further appeal or review, whether by affirmance on or exhaustion of any possible appeal or review, lapse of time, or otherwise; provided, however, and notwithstanding any provision to the contrary in this Stipulation, Final Approval of Settlement shall not include (and the Settlement is expressly not conditioned on) the award of attorneys' fees and the reimbursement of expenses as provided in paragraph 8, and any related appeal.

(g)     "Final Order and Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached as Exhibit D.

(h)     "Individual Defendants" means defendants Leslie D. Michelson, Edward G. Rendell and Edward M. Weil, Jr.

(i)     "Notice" means the notice of the proposed Settlement to be provided by RCA to current RCA stockholders, substantially in the forms attached as Exhibits B-1 (the "summary Notice") and B-2 (the "long form Notice").

(j)     "Parties" means, collectively, each of (i) the Plaintiff on behalf of himself and derivatively on behalf of RCA; (ii) the Individual Defendants; and (iii) RCA.

(k)     "Plaintiff" means Stuart Simpson.

(l)      "Plaintiff's Counsel" means Kessler Topaz Meltzer & Check, LLP and Grant & Eisenhofer, P.A.

(m)     "Plaintiff's Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, that Plaintiff, RCA, or any RCA stockholder may have asserted derivatively or that Plaintiff may have asserted directly in his individual capacity based on Plaintiff's ownership of RCA common stock, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of RCA), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Proposed Amendments, (ii) the fiduciary obligations, if any, of the Released Parties in connection with the Proposed Amendments, (iii) any of the allegations in Plaintiff's Complaint; and (iv) except as otherwise provided in this Stipulation, the administration or distribution of the Settlement; provided, however, that (i) Plaintiff's Released Claims shall not include the right to enforce this Stipulation or the Settlement and (ii) Plaintiff's Released Claims shall not release any claims that may arise in connection with proposed amendments of the Company's Charter submitted to stockholders after June 8, 2016.

(n)     "Preliminary Approval Order" means the order to be rendered by the Court preliminarily approving the Settlement, substantially in the form attached as Exhibit C.

(o)     "RCA" or the "Company" means nominal defendant American Realty Capital – Retail Centers of America, Inc.

(p)     "Released Claims" means Plaintiff's Released Claims and Defendants' Released Claims (as defined in the Released Claims section below).

(q)     "Released Parties" means the Defendants and their heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, and assigns.

(r)     "Releasing Persons" means (i) in the case of Plaintiff's Released Claims, Plaintiff, RCA or any RCA stockholder that has the standing or capacity to assert, prosecute or maintain on behalf of RCA any of the Released Claims, and (ii) in the case of Defendants' Released Claims, the Defendants.

(s)     "Settlement" means the settlement documented in this Stipulation.

(t)     "Unknown Claims" means any Plaintiff's Released Claims or Defendants' Released Claims that the Releasing Persons do not know of or suspect to exist in their favor at the time of the release of the Released Parties or the release of Plaintiff and Plaintiff's Counsel, respectively, including claims that, if known by them, might have affected their decision to settle the Action, or might have affected their decision not to object to this proposed Settlement.  With

respect to any and all Plaintiff's Released Claims or Defendants' Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties expressly waive the provisions, rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of Plaintiff's Released Claims and Defendants' Released Claims, but it is the intention of the Releasing Persons to completely, fully, finally, and forever compromise, settle, release, discharge, relinquish and extinguish any and all Plaintiff's Released Claims and Defendants' Released Claims, known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The Parties acknowledge that the foregoing waiver was separately bargained for and is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

## **SETTLEMENT TERMS**

2.      In consideration for the full and final settlement and release of all Plaintiff's Released Claims by Plaintiff and RCA and the dismissal with prejudice of the Action, Defendants agreed to (i) withdraw the Proposed Amendments from consideration at the Company's Annual Meeting, and (ii) not seek to modify the Company's Charter to effectuate the

Proposed Amendments in the future without seeking stockholder approval ("Settlement Consideration").

## PROCEDURE FOR IMPLEMENTING THE SETTLEMENT

3.      As soon as practicable after executing the Stipulation, Plaintiff shall file a motion and apply for entry of an order substantially in the form of Exhibit C, requesting the preliminary approval of the Settlement set forth in the Stipulation, and approval of the Notice to RCA stockholders in the forms attached as Exhibits B-1 and B-2.

4.      Within five (5) business days of the entry of the Preliminary Approval Order, RCA shall provide notice of the Settlement by: (i) publishing the summary Notice (in the form of Exhibit B-1 hereto) in a newspaper with national circulation (e.g., *The Wall Street Journal*); (ii) issuing a Form 8-K attaching the long form Notice (in the form of Exhibit B-2); and posting the long form Notice (in the form of Exhibit B-2) prominently on RCA's website.  RCA shall pay all reasonable costs and expenses incurred in, and bear administrative responsibility of, providing the Notice of the proposed Settlement to RCA stockholders.  At least 14 calendar days before the Settlement Hearing, RCA shall file with the Court an affidavit or declaration with respect to the publishing and posting of the Notice.

5.      Plaintiff will request that after the Notice is given, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the terms of the proposed Settlement as fair, reasonable and adequate, including the payment of attorneys' fees and expenses.

## RELEASES

6.      Upon Final Approval of Settlement, for the good and valuable consideration set forth here, the Releasing Persons shall be deemed to have, and by operation of Final Order and Judgment shall have, fully and completely discharged and dismissed with prejudice on the

merits, the settlement and release of, and a permanent injunction barring, the Plaintiff's Released Claims (including Unknown Claims) against the Released Parties.  Nothing here shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation or Settlement.

7.     Upon Final Approval of Settlement, for the good and valuable consideration set forth here, Defendants shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever released, relinquished, settled, extinguished, dismissed with prejudice, and discharged Plaintiff and all Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims ("Defendants' Released Claims").

### PLAINTIFF'S COUNSEL'S ATTORNEY'S FEES AND EXPENSES

8.     Plaintiff intends to petition the Court to approve payment of an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Award").  It is Plaintiff's Counsel's position that they are entitled to a reasonable Fee and Expense Award in connection with their efforts in litigating and settling the Action.  Defendants agree that (1) the pendency and prosecution of the Action was a meaningful contributing factor in Defendants' decision to withdraw the Proposed Amendments, and (2) withdrawing the Proposed Amendments creates a substantial benefit for the Company and its stockholders which entitles Plaintiff's Counsel to a reasonable Fee and Expense Award.  After negotiating the substantive terms of the Settlement and the Stipulation, the Parties negotiated a payment of attorneys' fees and expenses in the amount of $750,000, subject to approval by the Court, to compensate Plaintiff's Counsel for their efforts and for reimbursement of their out-of-pocket expenses.   Defendants agree not to oppose the Fee and Expense Award.  RCA, its successor in interest, and/or the insurer(s) of RCA, or its successor in interest, on behalf of all Defendants, agree to pay the Fee and Expense Award the

Court approves to Kessler Topaz Meltzer & Check, LLP, as receiving agent for Plaintiff's Counsel, in two installments: (i) one-half (1/2) of the Fee and Expense Award within ten (10) business days after the entry of an order by the Court approving the Fee and Expense Award; and (ii) one-half (1/2) of the Fee and Expense Award on January 2, 2017.  Such payment shall be subject to the joint and several obligation of Plaintiff's Counsel to refund, within ten (10) business days, the amounts received, if and when, as a result of any appeal, or successful collateral proceeding, the fee or expense award is reduced or reversed.  The Parties agree that no other Defendant shall be obligated to make any payment of the fees and expenses awarded to Plaintiff's Counsel, provided that the foregoing shall not affect any claims any Defendant may have pursuant to any applicable insurance policies.  Resolution of the Fee and Expense Award shall not be a precondition to the Settlement or to dismissal with prejudice of the Action.  The Court may consider and rule upon the fairness, reasonableness, and adequacy of the Settlement independently of any award of attorneys' fees and expenses.

**<u>FINAL ORDER AND JUDGMENT</u>**

9.      If the Settlement shall be approved by the Court at, or after, the Settlement Hearing as fair, reasonable and adequate to Plaintiff and the Company, the Parties shall jointly request that the Court enter the Final Order and Judgment (substantially in the form attached as Exhibit D).  The Final Order and Judgment shall, among other things:

(a)      Determine that the requirements of Federal Rule of Civil Procedure 23.1 and due process have been satisfied in connection with the Notice;

(b)      Approve the Settlement as fair, reasonable and adequate to Plaintiff and the Company;

(c)     Dismiss the Action with prejudice, as against any and all Defendants without costs except as herein provided, and release Defendants and the Released Persons from Plaintiff's Released Claims;

(d)     Release Plaintiff, Plaintiff's Counsel and any Releasing Persons from Defendants' Released Claims; and

(e)     Determine whether to approve payments of an award of attorneys' fees and expenses to Plaintiff's Counsel as provided in paragraph 8.

### CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

10.     The Settlement is conditioned upon the fulfillment of each of the following, and shall only become effective on the date, i.e., the Effective Date, that all such conditions are satisfied:

(a)     Defendants' performance of their obligation to provide the Settlement Consideration;

(b)     Plaintiff's Counsel's continued good faith belief that the Settlement is fair, reasonable, adequate and in the best interests of RCA;

(c)     Final Approval of Settlement by the Court as entered by the Court substantially in the form of Exhibit D; and

(d)     Dismissal with prejudice of the Action.

11.     If any of the conditions specified in paragraph 10 are not met, then this Stipulation shall be null and void and of no force and effect unless the Parties mutually agree in writing, by and through their respective counsel, to proceed with the Stipulation.

12.     If the Settlement does not receive Final Approval, or in any event of nullification of this Stipulation (as provided above), the Parties shall be deemed to be in the position they

were in prior to the execution of the MOU and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action or any other litigation or judicial proceeding, or to constitute an admission of fact of wrongdoing by any party, shall not be used or entitle any Party to recover any fees, costs, or expenses incurred in connection with the Action or in connection with any other litigation or judicial proceeding, and neither the existence of this Stipulation nor its contents nor any statements made in connection with the negotiation of this Stipulation or any settlement communications shall be admissible in evidence or shall be referred to for any purpose in the Action, or in any other litigation or judicial proceeding; provided, however, that in the event that the Parties are returned to their pre-MOU status, Plaintiff may make an application for a mootness fee in connection with the Company's withdrawal of the Proposed Amendments.

13.     Defendants shall have the right to withdraw from the Settlement in the event that (i) any court permanently or temporarily enjoins or otherwise precludes the stockholder vote on the Proposed Amendments; or (ii) any claim related to the subject matter of the Action is commenced or prosecuted against any of the Released Parties in any court prior to Final Approval of Settlement, and (following a motion by any Defendant seeking dismissal or stay of such claims) any such claim is not dismissed with prejudice or stayed in contemplation of dismissal with prejudice following Final Approval.

14.     Pending Final Approval of Settlement by the Court, all proceedings in the Action and any further activity by Plaintiff relating to the Proposed Amendments and the Complaint, except for those activities and proceedings relating to this Stipulation and the Settlement, shall be stayed.  Subject to Court approval, the deadlines to respond to any filed or served pleadings or discovery requests are extended indefinitely.

15.     The fact of and provisions contained in this Stipulation (including any exhibits), and all negotiations, discussions, actions, and proceedings in connection with this Stipulation, shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Action, any signatory or any Released Party of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.  The fact of and provisions contained in this Stipulation, and all negotiations, discussions, actions, and proceedings leading up to the execution of this Stipulation, are confidential and intended for settlement discussions only.

## **MISCELLANEOUS PROVISIONS**

16.     The Parties (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

17.     The Parties intend this Settlement to be a final and complete resolution of all disputes between Plaintiff, the Individual Defendants and RCA with respect to the Action.  The Settlement comprises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim, allegation or defense. The Parties further agree that the claims are being settled voluntarily after consultation with competent legal counsel.

18.     The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated by this reference.

19.     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

20.     Each counsel or other Person executing this Stipulation or its exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

21.     This Stipulation and the exhibits attached, and any dispute arising out of or relating in any way to the Stipulation or the Settlement, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York, without regard to conflict of laws principles.  Any dispute arising out of or relating in any way to the Stipulation or the Settlement contemplated thereby shall not be litigated or otherwise pursued in any forum or venue other than the Court, which shall retain jurisdiction over the Parties and all such suits for such purposes.

22.     This Stipulation constitutes the entire agreement among the Parties to this Stipulation with respect to the subject matter hereof, supersedes all written or oral communications, agreements or understandings that may have existed prior to the execution of this Stipulation, and may be modified or amended only by writing signed by the Parties.  This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs and assigns, provided that no Party shall assign or delegate its rights or responsibilities under the Stipulation without the prior written consent of the other Parties.  The Released Parties who are not parties shall be third party beneficiaries under this Stipulation entitled to enforce this Stipulation in accordance with its terms.  This Stipulation may be executed in multiple counterparts by any of the Parties, including by facsimile, and so executed shall constitute one agreement.

23.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties have caused the Stipulation to be executed by their duly authorized attorneys and dated September 7, 2016.

Of Counsel:

_____

Lee D. Rudy
Daniel Albert
Michael C. Wagner
Stacey A. Greenspan
KESSLER TOPAZ
   MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

*Counsel for Plaintiff*

_____

Daniel L. Berger
GRANT & EISENHOFER P.A.
485 Lexington Ave.
New York, NY 10017

*Counsel for Plaintiff*

_____

Peter Doyle w/ permission TDA

Peter Doyle
Bradley Bobroff
PROSKAUER ROSE, LLP
Eleven Times Square
New York, NY 10036-8299

*Counsel for Defendants*

*Exhibit A*

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

**SCHEDULE 14A**

**(RULE 14a-101)**
**INFORMATION REQUIRED IN PROXY STATEMENT**
**SCHEDULE 14A INFORMATION**

**Proxy Statement Pursuant to Section 14(a)**
**of the Securities Exchange Act of 1934**

Filed by the Registrant ☒                                      Filed by a Party other than the Registrant ☐

☐      Preliminary Proxy Statement

☐      **Confidential, for Use of the Commission Only (as permitted by Rule 14a-6(e)(2))**

☐      Definitive Proxy Statement

☒      Definitive Additional Materials

☐      Soliciting Material Pursuant to Section 240.14a-12

**AMERICAN REALTY CAPITAL — RETAIL CENTERS OF AMERICA, INC.**

_____

(Name of Registrant as Specified In Its Charter)

_____

(Name of person(s) filing Proxy Statement, if other than the Registrant)

Payment of Filing Fee (Check the appropriate box):

☒    No fee required

☐    Fee computed on table below per Exchange Act Rules 14a-6(i)(l) and 0-11.

    (1)   Title of each class of securities to which transaction applies:

    (2)   Aggregate number of securities to which transaction applies:

    (3)   Per unit price or other underlying value of transaction computed pursuant to Exchange Act Rule 0-11 (set forth the amount on which the filing fee is calculated and state how it was determined):

    (4)   Proposed maximum aggregate value of transaction:

    (5)   Total fee paid:

☐    Fee paid previously with preliminary materials.

☐    Check box if any part of the fee is offset as provided by Exchange Act Rule 0-11(a)(2) and identify the filing for which the offsetting fee was paid previously. Identify the previous filing by registration statement number, or the Form or Schedule and the date of its filing.

    (1)   Amount Previously Paid:

    (2)   Form, Schedule or Registration Statement No.:

    (3)   Filing Party:

    (4)   Date Filed:

**EXPLANATORY NOTE**

This supplement amends the Proxy Statement (the "Proxy Statement") of American Realty Capital — Retail Centers of America, Inc. (the "Company") filed with the Securities and Exchange Commission (the "SEC") on April 29, 2016 to delete Proposals 8, "Approval of Proposed Amendments to the Charter to Remove or Revise Certain Provisions Regarding the Conduct of Company Business" and Proposal 11, "Approval of Proposed Amendments to the Charter to Remove or Revise Provisions Relating to our Sponsor and Advisor and their Affiliates."

On June 8, 2016, the Company announced that its board of directors (the "Board of Directors") had previously established a special committee (the "Special Committee") comprised entirely of independent directors to respond to receipt of an unsolicited proposal (the "Proposal") from American Finance Trust, Inc. ("AFIN"), an entity sponsored by an affiliate of the Company's sponsor, relating to a potential strategic transaction with AFIN (the "Proposed Transaction"). The Special Committee has not undertaken, and is not authorized to undertake, a broader review of the Company's strategic alternatives other than in connection with the Proposal or any potential conflicts of interest that may arise out of or result from the Proposal. The Special Committee has also engaged independent financial advisors and independent legal counsel.

The Special Committee and its financial advisors have engaged in discussions with a special committee formed by AFIN and its financial advisors in response to the Proposal. Although these discussions have progressed since receipt of the Proposal they have not resulted in a definitive agreement. There can be no assurance that the discussions and evaluation will result in a definitive agreement.

On April 29, 2016, the Company filed the Proxy Statement. Among other things, the Proxy Statement contained proposals soliciting the approval of certain amendments to the Company's articles of incorporation (the "Charter"). On May 26, 2016, a derivative suit was brought against the Board of Directors seeking an injunction of the stockholder vote at the Company's annual meeting of stockholders scheduled for June 29, 2016 (the "Annual Meeting") unless and until the Company addressed certain alleged misstatements or deficiencies in the Proxy Statement relating to the proposed amendments to the Charter (the "Derivative Litigation"). The Derivative Litigation was filed after disclosure in the press regarding a potential transaction.

In light of the continued evaluation of the Proposal by the Special Committee and its advisors including discussions between the Special Committee and the AFIN special committee, and taking into account, among other things, the Derivative Litigation, the Company has decided to withdraw Proposals 8 and 11 from the agenda for the Annual Meeting and the Proxy Statement.  These proposals (the "Withdrawn Charter Amendment Proposals"), which were included in the Proxy Statement, solicited the approval of certain amendments to the Charter and were intended to cause the Charter to be more consistent with the charters of publicly-traded REITs and provide the Company with enhanced flexibility to pursue various ways to provide liquidity to its stockholders and to engage in other transactions that may be beneficial to the Company and its stockholders. The Board of Directors has entered into a memorandum of understanding (the "MOU") to settle the Derivative Litigation. Pursuant to the MOU, the case will be stayed pending approval by the court of a definitive settlement agreement, after which the case will be dismissed with prejudice. The defendants in the lawsuit have denied, and continue to deny, all allegations of wrongdoing.

If discussions between the Special Committee and the special committee formed by AFIN result in a definitive agreement, the Company may seek separate approval of one or both of the Withdrawn Charter Amendment Proposals in connection with seeking stockholder approval of any such transaction. As noted above, there is no assurance that the discussions will result in a definitive agreement or that any such transaction would be approved by stockholders. The Company does not intend to provide updates on the discussions or negotiations regarding the Proposal unless or until it determines that further disclosure is appropriate or required based on the then-current facts and circumstances.  If an agreement is not concluded, the Company may also propose the Withdrawn Charter Amendment Proposals for approval at a later meeting of its stockholders.

Stockholders have the unconditional right to revoke previously-submitted proxies at any time prior to the voting thereof by (i) submitting a later-dated proxy either by telephone, via the Internet or in the mail to the Company's proxy solicitor at the following address: Broadridge Investor Communication Solutions, Inc., 51 Mercedes Way, Edgewood, NY 11717; or (ii) by attending the Annual Meeting and voting in person. No written revocation of proxies shall be effective, however, unless and until it is received at or prior to the Annual Meeting.

Except as described in this supplement, the information provided in the Proxy Statement continues to apply. To the extent that information in this supplement differs from or updates information contained in the Proxy Statement, the information in this supplement is more current. **The Proxy Statement contains important additional information. This supplement should be read in conjunction with the Proxy Statement.**

**Removal of Proposals 8 and 11 From Stockholder Consideration**

On June 8, 2016, the Board determined not to seek stockholder approval of Proposals 8 and 11 and has withdrawn Proposals 8 and 11 from the agenda for the Annual Meeting. All other proposals presented in the Proxy Statement remain on the agenda for the Annual Meeting.

The record date for determining the stockholders entitled to notice of, and to vote at, the Annual Meeting has been fixed and remains as the close of business on April 18, 2016.

The time and location of the Annual Meeting has been fixed and remains as June 29, 2016 at The Core Club, located at 66 E. 55th Street, New York, NY 10022, commencing at 11:00 a.m. (local time).

As a result of the removal of Proposals 8 and 11 from stockholder consideration at the Annual Meeting, the Company notes the following important matters regarding voting:

- If you already submitted a proxy card or voting instructions, you do not need to resubmit proxies or voting instructions with different directions, unless you wish to change votes previously cast on the remaining proposals or withdraw your proxy entirely.

- If you do not wish to change votes previously cast on the remaining proposals, you do not need to sign, new proxy cards or submit new voting instructions solely as a result of the removal of Proposals 8 and 11.

- Any proxy card or voting instructions received in the future for Proposals 1, 2, 3, 4, 5, 6, 7, 9 and 10 will be valid.

- Proxy cards or voting instructions received with direction on Proposals 8 and 11 will not be voted on Proposals 8 and 11. Proxy cards or voting instructions received and providing direction on Proposals 1, 2, 3, 4, 5, 6, 7, 9 and 10) will remain valid and will be voted on as directed. Approval of each of Proposals 3, 4, 5, 6, 7, 9 and 10 (each a "Charter Amendment Proposal") is conditioned upon approval of each and every other Charter Amendment Proposal.

- If you wish to revoke a previously-submitted proxy, you may do so at any time prior to the Annual Meeting by (i) submitting a later-dated proxy either by telephone, via the Internet or in the mail to the Company's proxy solicitor at the following address: Broadridge Investor Communication Solutions, Inc., 51 Mercedes Way, Edgewood, NY 11717; or (ii) by attending the Annual Meeting and voting in person. Written revocation of proxies will be effective only if received at or prior to the Annual Meeting.

### ADDITIONAL INFORMATION AND WHERE TO FIND IT

In connection with the Annual Meeting, the Company previously filed its definitive proxy statement with the SEC and made available its definitive proxy statement and proxy card to stockholders on April 29, 2016. Before making any voting decision, you are urged to read the definitive proxy statement and all related proxy materials carefully. Copies of the definitive proxy statement and all other proxy materials are available at www.proxyvote.com/RCA.

The Company is subject to the informational requirements of the Securities Exchange Act of 1934, as amended, and files annual, quarterly, and current reports, proxy statements and other information with the SEC. You can read the Company's SEC filings, including the Proxy Statement, through the Internet at the SEC's website at www.sec.gov, or at the Company's website at www.retailcentersofamerica.com. You may also read and copy any document that the Company files with the SEC at its public reference facility at 100 F Street, N.E., Washington, D.C. 20549.

4

# *Exhibit B-1*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. 1:16-cv-03970-ALC |
| LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., | ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. | ) ) ) |
| Nominal Defendant. | ) ) ) ) |

## SUMMARY NOTICE OF PROPOSED SETTLEMENT, SETTLEMENT HEARING AND RIGHT TO APPEAR

**TO: ALL CURRENT RECORD AND BENEFICIAL HOLDERS OF COMMON STOCK OF AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. ("RCA" OR THE "COMPANY") AS OF [DATE OF PRELIMINARY APPROVAL ORDER].**

YOU ARE HEREBY NOTIFIED that the parties to the above-captioned individual and shareholder derivative litigation ("Action") have entered into a Stipulation and Agreement of Settlement dated September 7, 2016 (the "Stipulation") to resolve the claims raised by the Action (the "Settlement"). The proposed Settlement, if approved, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation.

The Action addresses claims concerning RCA's April 29, 2016 Definitive Proxy Statement on Schedule 14A (the "Proxy") filed with the Securities and Exchange Commission, which solicited RCA stockholders to approve nine amendments to RCA's Articles of Amendment and Restatement (the "Charter") at the Annual Meeting of stockholders originally scheduled for June 29, 2016 (the "Annual Meeting"). The proposed Charter amendments

included: Proposal No. 8, "Approval of Proposed Amendments to the Charter to Remove or Revise Certain Provisions Regarding the Conduct of Company Business," and Proposal No. 11, "Approval of Proposed Amendments to the Charter to Remove or Revise Provisions Relating to our Sponsor and Advisor and their Affiliates" (the "Proposed Amendments").

Plaintiff alleged that by disseminating the Proxy and seeking approval of the Proposed Amendments, the Defendants violated Section 14(a) of the Securities Exchange Act by (1) failing to disclose (a) the effects of the Proposed Amendments on stockholders rights in the event of a "roll-up" transaction, and (b) that Defendants are currently planning a roll-up transaction; and (2) unlawfully "bundling" multiple unrelated items within the two Proposed Amendments.

The proposed Settlement provides for Defendants withdrawal of the Proposed Amendments from consideration by RCA stockholders at the Annual Meeting and an agreement not to seek to modify the Company's Charter to effectuate the Proposed Amendments in the future without seeking stockholder approval.

PLEASE BE FURTHER ADVISED that pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and an Order Preliminarily Approving Settlement and Setting Settlement Hearing of the United States District Court for the Southern District of New York (the "Court"), a hearing will be held on _____, 2016 at ____  __.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 (the "Settlement Hearing") to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of RCA and its stockholders; (ii) determine whether to approve Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses in an amount not to exceed in the aggregate $750,000, which was negotiated at arm's-length by the parties; (iii) hear and rule on any objections to the proposed Settlement, the proposed Final Order and Judgment, and Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iv) determine whether the Court should enter the Final Order and Judgment which would dismiss with prejudice the Action and release Plaintiff's Released Claims and Defendants' Released Claims (as set forth in more detail in the Notice, as defined below); and (v) rule on such other matters as the Court may deem appropriate.

**If you are an RCA stockholder, your rights to pursue certain derivative claims on behalf of RCA will be affected by this proposed Settlement.**

A detailed Notice of Proposed Settlement, Settlement Hearing, and Right to Appear (the "Notice") describing the Action, the proposed Settlement, Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses and the rights of RCA stockholders with regard to the proposed Settlement has been filed as an exhibit to the Form 8-K filed by RCA on _____, 2016 (available at www.sec.gov), and is posted on RCA's website at _____. The Stipulation, its exhibits, and other pleadings in the Action may be obtained from the Court's website at http://www.nysd.uscourts.gov/cases.php.

Any RCA stockholder who owns shares as of **[DATE OF PRELIMINARY APPROVAL ORDER]** and who continues to hold such shares and who objects to any aspect of the proposed Settlement, entry of the Final Order and Judgment, and/or Plaintiff's counsel's

application for an award of attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no RCA stockholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or if approved, the judgment to be entered thereon, and no papers or brief submitted by any RCA stockholder shall be received and considered by the Court unless not later than _____ _____, 2016, such stockholder files with the Court and serves upon all of the counsel listed below, at the addresses listed below, the following: (a) a written statement identifying such stockholder's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of RCA common stock, including the number of shares of RCA common stock owned by the stockholder and the date or dates of purchase; (c) a detailed written statement explaining the stockholder's objection and the reasons for such objection; and (d) any documentation in support of such objection that the stockholder desires the Court to consider.  If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.

Clerk of Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
**Court overseeing the Action**

Daniel Albert                                           Bradley Bobroff
Kessler Topaz Meltzer & Check, LLP       PROSKAUER ROSE, LLP
280 King of Prussia Road                          Eleven Times Square
Radnor, PA 19087                                     New York, NY 10036-8299
**Counsel for Plaintiff**                             **Counsel for Defendants**

General inquiries about the proposed Settlement should be directed to the attention of Plaintiff's counsel as follows:

Daniel Albert
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
**Counsel for Plaintiff**

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

# *Exhibit B-2*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:16-cv-03970-ALC |
| LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., | ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) ) | |
| AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

## NOTICE OF PROPOSED SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR

**TO:  ALL CURRENT RECORD AND BENEFICIAL HOLDERS OF COMMON STOCK OF AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. ("RCA" OR THE "COMPANY") AS OF [DATE OF PRELIMINARY APPROVAL ORDER], AND THEIR RESPECTIVE SUCCESSORS IN INTEREST, SUCCESSORS, PREDECESSORS IN INTEREST, PREDECESSORS, REPRESENTATIVES, TRUSTEES, EXECUTORS, ADMINISTRATORS, HEIRS, ASSIGNS OR TRANSFEREES, IMMEDIATE AND REMOTE, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER ANY OF THEM, AND EACH OF THEM.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION.  IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY

OF THE PROPOSED SETTLEMENT AND FROM PURSUING "PLAINTIFF'S RELEASED CLAIMS" (AS DEFINED BELOW IN SECTION V).

PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THIS ACTION.

IF YOU HOLD RCA COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

## I.   THE PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you of the pendency of the above-captioned individual and shareholder derivative litigation (the "Action") and a proposed settlement ("Settlement") of the Action.  This Notice also informs you of your right to participate in a hearing (the "Settlement Hearing") to be held before this Court on _____, 2016, at _____ _.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation and Agreement of Settlement, dated September 7, 2016 ("Stipulation") is fair, reasonable, and adequate and in the best interests of RCA and its stockholders; (ii) determine whether to approve Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iii) hear and rule on any objections to the proposed Settlement, the proposed Final Order and Judgment, and Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iv) determine whether the Court should enter the Final Order and Judgment, which would dismiss with prejudice the Action and release Plaintiff's Released Claims (as defined below) and Defendants' Released Claims (as defined below); and (v) rule on such other matters as the Court may deem appropriate.

If the Court approves the Settlement, Plaintiff and the Defendants (the "Parties") will ask the Court to enter a Final Order and Judgment dismissing the Action with prejudice on the merits.

This Notice describes the rights you may have under the proposed Settlement and what steps you may, but are not required to, take in relation to the proposed Settlement.

*       *       *       *       *

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON SUMMARY STATEMENTS BY THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.   BACKGROUND OF THE LAWSUIT

On April 29, 2016, RCA filed a Definitive Proxy Statement on Schedule 14A (the "Proxy") with the Securities and Exchange Commission ("SEC") soliciting RCA stockholders to

approve nine amendments to RCA's Articles of Amendment and Restatement (the "Charter") at the Annual Meeting of stockholders originally scheduled for June 29, 2016 (the "Annual Meeting").   The proposed Charter amendments included two proposals – Proposal No. 8, "Approval of Proposed Amendments to the Charter to Remove or Revise Certain Provisions Regarding the Conduct of Company Business," and Proposal No. 11, "Approval of Proposed Amendments to the Charter to Remove or Revise Provisions Relating to our Sponsor and Advisor and their Affiliates" (the "Proposed Amendments").

On May 26, 2016, Plaintiff filed a Verified Individual and Shareholder Derivative Complaint (the "Complaint") alleging that by disseminating the Proxy and seeking approval of the Proposed Amendments, the Defendants violated Section 14(a) of the Securities Exchange Act by (1) failing to disclose (a) the effects of the Proposed Amendments on stockholders rights in the event of a "roll-up" transaction, and (b) that Defendants are currently planning a roll-up transaction; and (2) unlawfully "bundling" multiple unrelated items within the two Proposed Amendments.

On June 1, 2016, Plaintiff filed a Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support thereof (the "Motion") to enjoin the stockholder vote at the Annual Meeting until and unless Defendants cured the allegedly materially misleading and deficient Proxy and unbundled the Proposed Amendments.

On June 2, 2016, the Court entered an order setting a hearing on the Motion for June 13, 2016, and instructing Defendants' counsel to serve answering papers no later than 5:00 p.m. on June 9, 2016.

On June 2, 2016, the Parties began arm's-length discussions regarding potential grounds to resolve the Action.

On June 8, 2016, the Parties entered into a Memorandum of Understanding ("MOU") containing the terms for the Parties' agreement-in-principle to settle the Action.  The MOU provided that, in consideration for the full and final settlement and release of all Plaintiff's Released Claims and the dismissal with prejudice of the Action, Defendants would withdraw the Proposed Amendments from consideration at the Company's Annual Meeting, and not seek to modify the Company's Charter to effectuate the Proposed Amendments in the future without seeking stockholder approval.

On June 9, 2016, Defendants filed with the SEC Definitive Additional Materials on Schedule 14A supplementing the Proxy (the "Supplemental Proxy").  The Supplemental Proxy withdrew the Proposed Amendments from stockholder consideration at RCA's annual meeting.

On June 9, 2016, Plaintiff withdrew his Motion and notified the Court that the Parties had come to an agreement-in-principle to settle the Action pursuant to the MOU.

On June 10, 2016, the Court adjourned the hearing on Plaintiff's Motion.

On September 7, 2016, the Parties executed the Stipulation, documenting the terms of the Settlement.

## III.     SUMMARY OF SETTLEMENT TERMS

In consideration for the proposed Settlement and dismissal with prejudice of the Action and the releases provided herein, and as a result of the filing and prosecution of the Action and after arm's-length negotiations with counsel for Plaintiff, in conjunction with the proposed Settlement, Defendants agreed to withdraw and did withdraw the Proposed Amendments from stockholder consideration at the Annual Meeting, and Defendants agreed not to seek to modify the Company's Charter to effectuate the Proposed Amendments in the future without seeking stockholder approval.

## IV.     REASONS FOR THE SETTLEMENT

Plaintiff, through his counsel, states that Plaintiff's counsel has completed a thorough investigation of the claims and allegations asserted in the Action, as well as the underlying events relevant to those claims and allegations. In connection with their investigation, Plaintiff's counsel reviewed publicly-available documents filed with the SEC and interviewed a former independent director of an affiliated company who provided additional information concerning Plaintiff's claims. Plaintiff's counsel also states that Plaintiff's counsel performed additional factual and legal research concerning the validity of Plaintiff's claims and other claims that could have arisen from the filing of the Proxy. Plaintiff and Plaintiff's counsel believe that Plaintiff's claims have legal merit, and the entry by Plaintiff into the Stipulation is not an admission as to the lack of merit of any claims asserted in the Action, and that Plaintiff entered into the proposed Settlement set forth in the Stipulation only to secure substantial relief for RCA and RCA stockholders and to eliminate the risk, burden and expense of further litigation, and because they believe that withdrawing the Proposed Amendments from stockholder consideration provided RCA and RCA stockholders with substantial benefits. In agreeing to the proposed Settlement, Plaintiff and his counsel considered: (i) the substantial benefits to RCA and RCA stockholders from the proposed Settlement; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iii) the probability of success on the merits based on the allegations contained in the Action; and (iv) the desirability of permitting the proposed Settlement to be consummated according to its terms. Plaintiff and his counsel believe that the proposed Settlement is fair, reasonable, and adequate to Plaintiff, RCA and RCA stockholders.

Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability, or damage to Plaintiff or RCA, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that the Proxy or any other public disclosures were in any way deficient, deny that they acted improperly in any way, believe that they acted properly at all times, believe the Action has no merit, and maintain that they have committed no disclosure or bundling violations, but entered into the proposed Settlement solely because they considered it desirable that the Action be settled and dismissed with prejudice in order to, among other things, eliminate the burden, inconvenience, expense, risk, and distraction of further litigation, finally put to rest and terminate all the claims that were or could have been asserted against Defendants in the Action, and thereby permit the stockholder vote on the other proposed items not challenged by Plaintiff to proceed without risk of injunctive or other relief.

## V.   <u>RELEASES</u>

Under the terms of the proposed Settlement, Plaintiff agrees to the complete discharge, dismissal with prejudice on the merits, settlement and release of, and a permanent injunction barring the Released Parties (as defined below) of any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown (including "Unknown Claims"), disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, that any Releasing Persons (as defined below) may have asserted derivatively or that Plaintiff may have asserted directly in his individual capacity based on Plaintiff's ownership of RCA common stock, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule (including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of RCA), which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Proposed Amendments, (ii) the fiduciary obligations, if any, of the Released Parties in connection with the Proposed Amendments, (iii) any of the allegations in Plaintiff's Complaint; and (iv) except as otherwise provided in the Stipulation, the administration or distribution of the Settlement; provided, however, that (i) plaintiff's released claims shall not include the right to enforce the Stipulation or the Settlement and (ii) plaintiff's released claims shall not release any claims that may arise in connection with proposed amendments of the Company's Charter submitted to stockholders after June 8, 2016 ("Plaintiff's Released Claims").

Reciprocally, under the terms of the proposed Settlement, Defendants agree to fully, finally, and forever release, relinquish, settle, extinguish, dismiss with prejudice, and discharge Plaintiff and Plaintiff's counsel from all claims (including "Unknown Claims") arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims ("Defendants' Released Claims").

"Released Parties" means the Defendants and their heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, and assigns.

"Releasing Persons" means (i) in the case of Plaintiff's Released Claims, Plaintiff, RCA or any RCA stockholder that has the standing or capacity to assert, prosecute or maintain on behalf of RCA any of the Plaintiff's Released Claims, and (ii) in the case of Defendants' Released Claims, the Defendants.

"Unknown Claims" means any Plaintiff's Released Claims or Defendants' Released Claims that the Releasing Persons do not know of or suspect to exist in their favor at the time of the release of the Released Parties or the release of Plaintiff and Plaintiff's counsel, respectively,

including claims that, if known by them, might have affected their decision to settle the Action, or might have affected their decision not to object to the proposed Settlement. With respect to any and all Plaintiff's Released Claims or Defendants' Released Claims, the Parties stipulate and agree that, upon the effective date of the Settlement, the Parties expressly waive the provisions, rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to §1542, which provides

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of Plaintiff's Released Claims and Defendants' Released Claims, but it is the intention of the Releasing Persons to completely, fully, finally, and forever compromise, settle, release, discharge, relinquish and extinguish any and all Plaintiff's Released Claims and Defendants' Released Claims, known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge that the foregoing waiver was separately bargained for and is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

## VI.    THE SETTLEMENT HEARING

The Court has scheduled the Settlement Hearing to be held in the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 at the time identified in Section I above to: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of RCA and its stockholders; (ii) determine whether to approve Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iii) hear and rule on any objections to the proposed Settlement, the proposed Final Order and Judgment, and Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iv) determine whether the Court should enter the Final Order and Judgment, which would dismiss with prejudice the Action and release Plaintiff's Released Claims and Defendants' Released Claims; and (v) rule on such other matters as the Court may deem appropriate.

The Court may postpone, reschedule or adjourn the Settlement Hearing without further notice to RCA or RCA stockholders. The Court also has reserved the right to approve the Stipulation and the proposed Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties and without further notice to RCA or RCA stockholders.

## VII.   YOUR RIGHT TO APPEAR AND OBJECT

Any RCA stockholder who owns shares as of **[DATE OF PRELIMINARY APPROVAL ORDER]** and who continues to hold such shares and who objects to any aspect of the proposed Settlement, entry of the Final Order and Judgment, and/or Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no RCA stockholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or if approved, the judgment to be entered thereon, and no papers or brief submitted by any RCA stockholder shall be received and considered by the Court unless not later than _____, 2016, such stockholder files with the Court and serves upon all of the counsel listed below, at the addresses listed below, the following: (a) a written statement identifying such stockholder's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of current ownership of RCA common stock, including the number of shares of RCA common stock owned by the stockholder and the date or dates of purchase; (c) a detailed written statement explaining the stockholder's objection and the reasons for such objection; and (d) any documentation in support of such objection that the stockholder desires the Court to consider.  If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.

Clerk of Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
*Court overseeing the Action*

Daniel Albert
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
*Counsel for Plaintiff*

Bradley Bobroff
PROSKAUER ROSE, LLP
Eleven Times Square
New York, NY 10036-8299
*Counsel for Defendants*

Any person or entity who fails to object in the manner provided above shall be deemed to have waived such objection (including the right to appeal), and absent good cause found by the Court shall forever be barred from making any such objection in the Action contesting any aspect of the Settlement, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

## VIII.   FINAL ORDER AND JUDGMENT OF THE COURT

If the proposed Settlement is approved by the Court following the Settlement Hearing as fair, reasonable, and adequate to RCA and its stockholders, the Parties will jointly request that the Court enter a Final Order and Judgment which will, among other things: (i) determine that the requirements of due process have been satisfied in connection with the Notice provided to RCA stockholders; (ii) approve the Settlement as fair, reasonable, and adequate to RCA and RCA stockholders; (iii) dismiss the Action with prejudice on the merits as against any and all Defendants without costs except as provided herein; (iv) release Defendants and any other of the Released Parties from Plaintiff's Released Claims, and release Plaintiff and Plaintiff's counsel from Defendants' Released Claims; and (v) determine whether to approve an award of attorneys' fees and expenses incurred by Plaintiff in connection with the prosecution of the Action as provided in Section IX below.

## IX.   THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiff's counsel have not received any payment for their services in pursuing the claims against Defendants in the Action, nor have Plaintiff's counsel been reimbursed for their out-of-pocket expenses.  Plaintiff intends to petition the Court at the Settlement Hearing to approve the payment of attorneys' fees and expenses associated with Plaintiff's prosecution of the Action by RCA, its successor in interest, and/or the insurer(s) of RCA, or its successor in interest, in an amount not to exceed in the aggregate $750,000 (the "Fee and Expense Award"). The parties negotiated the Fee and Expense Award at arm's-length and Defendants have agreed not to oppose the Fee and Expense Award.  Approval of the Fee and Expense Award shall not be a precondition to the Settlement or to dismissal with prejudice of the Action.

## X.   SCOPE OF THIS NOTICE

This Notice is not all-inclusive.  The references in this Notice to the pleadings in the Action, the Stipulation and all other papers or proceedings herein are only summaries and do not purport to be comprehensive.  For the full details of the Action, the claims that have been asserted in the Action and the terms and conditions of the Settlement, including a complete copy of the Stipulation and related Orders and proposed forms of Orders, you are referred to the Court's instructions at http://www.nysd.uscourts.gov/cases.php and the Company's public filings.

## XII.   GENERAL INQUIRIES

General inquiries about the proposed Settlement should be directed to the attention of Plaintiff's counsel as follows:

Daniel Albert
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

**PLEASE DO NOT CALL OR WRITE THE COURT WITH GENERAL INQUIRIES.**

# *Exhibit C*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:16-cv-03970-ALC |
| LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SETTLEMENT HEARING

WHEREAS plaintiff Stuart Simpson ("Plaintiff") has made application, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned individual and shareholder derivative action (the "Action") in accordance with the Stipulation and Agreement of Settlement dated September 7, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; and (ii) approving distribution of the Notice of Proposed Settlement, Settlement Hearing, and Right to Appear (the "Notice"), in summary and long form as attached as Exhibits

B-1 and B-2 to the Stipulation;

WHEREAS all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS this Court has considered the Stipulation and the exhibits annexed thereto and the motion and briefing in support of preliminary approval of the proposed Settlement by Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The terms of the proposed Settlement as evidenced by the Stipulation are sufficiently fair, reasonable, and adequate to warrant sending Notice of the proposed Settlement to RCA stockholders, and holding a final settlement hearing on the proposed Settlement. Accordingly, preliminary approval of the proposed Settlement is granted.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at _____ _.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of RCA and its stockholders; (ii) determine whether to approve Plaintiff's counsel's application for an award of attorneys' fees and  reimbursement of expenses; (iii) hear and rule on any objections to the proposed Settlement, the proposed Final Order and Judgment, and the proposed Fee and Expense Award; (iv) determine whether the Court should enter the proposed Final Order and Judgment, attached as Exhibit D to the Stipulation, which would dismiss with prejudice the Action and release Plaintiff's Released Claims and Defendants' Released Claims; and (v) rule on such other matters as the Court may deem appropriate.

3.      The Court approves, as to form and content, the Notice (attached to the Stipulation as Exhibits B-1 and B-2) and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 4 of the Stipulation meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all persons entitled to such notice.

4.      No later than fourteen (14) calendar days before the Settlement Hearing, RCA shall serve on Plaintiff's Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notice.

5.      Plaintiff's Counsel shall file and serve Plaintiff's opening brief in support of the proposed Settlement and the proposed Fee and Expense Award no later than thirty (30) calendar days before the Settlement Hearing.  Plaintiffs shall file any reply brief, if necessary, no later than seven (7) calendar days before the Settlement Hearing.

6.      Any current RCA stockholder may object to the proposed Settlement, the proposed Final Order and Judgment, and/or the proposed Fee and Expense Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing.; provided, however, that no RCA stockholder (i) may object to the Settlement, the proposed Final Order and Judgment, and/or the proposed Fee and Expense Award, (ii) submit any papers or briefs in support of such objection for the Court's consideration, or (iii) appear at the Settlement Hearing, except by Order of the Court for good cause shown, unless, no later than fourteen (14) calendar days before the Settlement Hearing, such stockholder serve and file copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of

current ownership of RCA common stock, including the number of shares of RCA common stock owned by the stockholder and the date or dates of purchase; (c) a detailed written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection that the person or entity desires the Court to consider.  If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.  Such materials must be filed with the Clerk of the United States District Court for the Southern District of New York and sent by first class mail to the following addresses:

> Daniel Albert
> KESSLER TOPAZ MELTZER & CHECK, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
>
> *Counsel for Plaintiff*
>
> Bradley Bobroff
> PROSKAUER ROSE, LLP
> Eleven Times Square
> New York, NY 10036-8299
>
> *Counsel for Defendants*

7.     Any person or entity who fails to object in the manner described above shall be (i) deemed to have waived any objection to the Settlement, Final Order and Judgment, and Fee and Expense Award, (ii) barred from raising such objection in this Action or any other action or proceeding, and (iii) bound by the Final Order and Judgment and the releases of claims therein.

8.     All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the proposed Settlement, are hereby stayed and suspended pending final determination of whether the proposed Settlement provided for in the Stipulation shall be approved.

9.      Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiff and/or any RCA stockholder derivatively on behalf of RCA are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiff's Released Claims against any Released Parties.

10.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to RCA stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

11.     The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to RCA stockholders.

**IT IS SO ORDERED.**

DATED: _____          _____

                                                U.S. District Judge

# *Exhibit D*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 1:16-cv-03970-ALC |
| LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. | ) ) ) | |
| Nominal Defendant. | ) ) ) | |

## FINAL ORDER AND JUDGMENT

This Court having considered the Stipulation and Agreement of Settlement dated as of September 7, 2016, including all exhibits thereto (the "Stipulation"), and the settlement contemplated thereby (the "Settlement"), between (i) plaintiff Stuart Simpson ("Plaintiff"), on behalf of himself and derivatively on behalf of American Realty Capital – Retail Centers of America, Inc. ("RCA" or the "Company"); (ii) the Individual Defendants (as defined in the Stipulation); and (iii) nominal defendant RCA; and having held a hearing on the Settlement on _____, 2016 (the "Settlement Hearing"); and having determined that notice of the Settlement Hearing was given to RCA stockholders in accordance with the Order Preliminarily

Approving Settlement and Setting Settlement Hearing ("Preliminary Approval Order") and that said notice was adequate and sufficient; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto.  Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      The record shows that Notice has been given to RCA's stockholders in the manner approved by the Court in its Preliminary Approval Order (Dkt. No. ___).  The Court finds that such Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all RCA stockholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and RCA's stockholders' right to object to and to appear at the Settlement Hearing held on _____, 2016; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1 of the Federal Rules of Civil Procedure; and (iv) meets the requirements of due process.

4.      The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of RCA and RCA's stockholders, and it is hereby approved.

5.      The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6.      The Action is hereby dismissed on the merits and with prejudice, and without costs except as provided in the Stipulation, in full and final discharge of Plaintiff's Released Claims.

7.      The Releasing Persons hereby fully, finally, and forever release, relinquish, and discharge Plaintiff's Released Claims (including Unknown Claims) against the Released Parties and are forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any of Plaintiff's Released Claims.

8.      Defendants fully, finally, and forever release, relinquish, and discharge Plaintiff, Plaintiff's Counsel and any Releasing Persons from Defendants' Released Claims (including Unknown Claims), and will be forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any Defendants' Released Claims against Plaintiff, Plaintiff's Counsel and any Releasing Persons.

9.      The fact of and provisions contained in the Stipulation (including any exhibits), and all negotiations, discussions, actions, and proceedings in connection with the Stipulation, shall not be deemed or constitute a presumption, concession, or an admission by any party in the Action, any signatory or any Released Parties of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement.  The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit,

release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     The Court hereby approves a payment of fees and expenses in the amount of $_____, which fees and expenses the Court finds to be fair and reasonable.  Such sum shall be paid pursuant to the provisions of the Stipulation.

11.     In the event that the Effective Date does not occur, then this Final Order and Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Final Order and Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions immediately prior to the execution of the MOU and the Stipulation and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action or any other litigation or judicial proceeding, or to constitute an admission of fact of wrongdoing by any party, shall not be used or entitle any party to recover any fees, costs, or expenses incurred in connection with the Action or in connection with any other litigation or judicial proceeding, and neither the existence of the Stipulation nor its contents nor any statements made in connection with the negotiation of the Stipulation or any settlement communications shall be admissible in evidence or shall be referred to for any purpose in the Action, or in any other litigation or judicial proceeding; provided, however, that in the event that the Parties are returned to their pre-MOU status, Plaintiff may make an application for a mootness fee in connection with the Company's withdrawal of the Proposed Amendments, which Defendants reserve the right to oppose.

12.     Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate

this Judgment, and for any other necessary purpose.   Plaintiff, Defendants and each RCA stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes.

13.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: _____          _____
                                                         U.S. District Judge