UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR., <br><br> Defendants, <br><br> and <br><br> AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC. <br><br> Nominal Defendant. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC#: _____ <br> DATE FILED: 9-13-16 <br><br><br> Case No. 1:16-cv-03970-ALC |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SETTLEMENT HEARING

WHEREAS plaintiff Stuart Simpson ("Plaintiff") has made application, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned individual and shareholder derivative action (the "Action") in accordance with the Stipulation and Agreement of Settlement dated September 7, 2016 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice; and (ii) approving distribution of the Notice of Proposed Settlement, Settlement Hearing, and Right to Appear (the "Notice"), in summary and long form as attached as Exhibits

B-1 and B-2 to the Stipulation;

WHEREAS all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS this Court has considered the Stipulation and the exhibits annexed thereto and the motion and briefing in support of preliminary approval of the proposed Settlement by Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The terms of the proposed Settlement as evidenced by the Stipulation are sufficiently fair, reasonable, and adequate to warrant sending Notice of the proposed Settlement to RCA stockholders, and holding a final settlement hearing on the proposed Settlement. Accordingly, preliminary approval of the proposed Settlement is granted.

2. A hearing (the "Settlement Hearing") shall be held before this Court on __November 9__, 2016, at __11:30 a__.m. at the ~~Daniel Patrick Moynihan~~ Thurgood Marshall United States Courthouse, ~~500 Pearl Street~~ 40 Foley Square, in Courtroom 1306, New York, NY 10007~~-1312~~, to (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of RCA and its stockholders; (ii) determine whether to approve Plaintiff's counsel's application for an award of attorneys' fees and reimbursement of expenses; (iii) hear and rule on any objections to the proposed Settlement, the proposed Final Order and Judgment, and the proposed Fee and Expense Award; (iv) determine whether the Court should enter the proposed Final Order and Judgment, attached as Exhibit D to the Stipulation, which would dismiss with prejudice the Action and release Plaintiff's Released Claims and Defendants' Released Claims; and (v) rule on such other matters as the Court may deem appropriate.

3. The Court approves, as to form and content, the Notice (attached to the Stipulation as Exhibits B-1 and B-2) and finds that the distribution of the Notice substantially in the manner and form set forth in ¶ 4 of the Stipulation meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice of the matters set forth therein for all purposes to all persons entitled to such notice.

4. No later than fourteen (14) calendar days before the Settlement Hearing, RCA shall serve on Plaintiff's Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notice.

5. Plaintiff's Counsel shall file and serve Plaintiff's opening brief in support of the proposed Settlement and the proposed Fee and Expense Award no later than thirty (30) calendar days before the Settlement Hearing. Plaintiffs shall file any reply brief, if necessary, no later than seven (7) calendar days before the Settlement Hearing.

6. Any current RCA stockholder may object to the proposed Settlement, the proposed Final Order and Judgment, and/or the proposed Fee and Expense Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing.; provided, however, that no RCA stockholder (i) may object to the Settlement, the proposed Final Order and Judgment, and/or the proposed Fee and Expense Award, (ii) submit any papers or briefs in support of such objection for the Court's consideration, or (iii) appear at the Settlement Hearing, except by Order of the Court for good cause shown, unless, no later than fourteen (14) calendar days before the Settlement Hearing, such stockholder serve and file copies of: (a) a written statement identifying such person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) proof of

current ownership of RCA common stock, including the number of shares of RCA common stock owned by the stockholder and the date or dates of purchase; (c) a detailed written statement explaining the person's or entity's objection and the reasons for such objection; and (d) any documentation in support of such objection that the person or entity desires the Court to consider. If the stockholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such materials must be filed with the Clerk of the United States District Court for the Southern District of New York and sent by first class mail to the following addresses:

> Daniel Albert
> KESSLER TOPAZ MELTZER & CHECK, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
>
> *Counsel for Plaintiff*
>
> Bradley Bobroff
> PROSKAUER ROSE, LLP
> Eleven Times Square
> New York, NY 10036-8299
>
> *Counsel for Defendants*

7. Any person or entity who fails to object in the manner described above shall be (i) deemed to have waived any objection to the Settlement, Final Order and Judgment, and Fee and Expense Award, (ii) barred from raising such objection in this Action or any other action or proceeding, and (iii) bound by the Final Order and Judgment and the releases of claims therein.

8. All proceedings in the Action, other than as may be necessary to carry out the terms and conditions of the proposed Settlement, are hereby stayed and suspended pending final determination of whether the proposed Settlement provided for in the Stipulation shall be approved.

9. Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiff and/or any RCA stockholder derivatively on behalf of RCA are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any of Plaintiff's Released Claims against any Released Parties.

10. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to RCA stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

11. The Court may approve the proposed Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to RCA stockholders.

**IT IS SO ORDERED.**

DATED: 9-13-16

_____
U.S. District Judge