UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART SIMPSON, Individually on Behalf of Himself and Derivatively on Behalf of Nominal Defendant AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC., <br><br>　　　　Plaintiff,<br><br>　v.<br><br>LESLIE D. MICHELSON, EDWARD G. RENDELL, and EDWARD M. WEIL, JR.,<br><br>　　　　Defendants,<br><br>　and<br><br>AMERICAN REALTY CAPITAL – RETAIL CENTERS OF AMERICA, INC.<br><br>　　　　Nominal Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: _11-9-16_<br><br><br>Case No. 1:16-cv-03970-ALC |

**FINAL ORDER AND JUDGMENT**

This Court having considered the Stipulation and Agreement of Settlement dated as of September 7, 2016, including all exhibits thereto (the "Stipulation"), and the settlement contemplated thereby (the "Settlement"), between (i) plaintiff Stuart Simpson ("Plaintiff"), on behalf of himself and derivatively on behalf of American Realty Capital – Retail Centers of America, Inc. ("RCA" or the "Company"); (ii) the Individual Defendants (as defined in the Stipulation); and (iii) nominal defendant RCA; and having held a hearing on the Settlement on November 9, 2016 (the "Settlement Hearing"); and having determined that notice of the Settlement Hearing was given to RCA stockholders in accordance with the Order Preliminarily

Approving Settlement and Setting Settlement Hearing ("Preliminary Approval Order") and that said notice was adequate and sufficient; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates herein the Stipulation, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. The record shows that Notice has been given to RCA's stockholders in the manner approved by the Court in its Preliminary Approval Order (Dkt. No. 28). The Court finds that such Notice: (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all RCA stockholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and RCA's stockholders' right to object to and to appear at the Settlement Hearing held on November 9, 2016; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1 of the Federal Rules of Civil Procedure; and (iv) meets the requirements of due process.

4. The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of RCA and RCA's stockholders, and it is hereby approved.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Stipulation.

6. The Action is hereby dismissed on the merits and with prejudice, and without costs except as provided in the Stipulation, in full and final discharge of Plaintiff's Released Claims.

7. The Releasing Persons hereby fully, finally, and forever release, relinquish, and discharge Plaintiff's Released Claims (including Unknown Claims) against the Released Parties and are forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any of Plaintiff's Released Claims.

8. Defendants fully, finally, and forever release, relinquish, and discharge Plaintiff, Plaintiff's Counsel and any Releasing Persons from Defendants' Released Claims (including Unknown Claims), and will be forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any Defendants' Released Claims against Plaintiff, Plaintiff's Counsel and any Releasing Persons.

9. The fact of and provisions contained in the Stipulation (including any exhibits), and all negotiations, discussions, actions, and proceedings in connection with the Stipulation, shall not be deemed or constitute a presumption, concession, or an admission by any party in the Action, any signatory or any Released Parties of any fault, liability, or wrongdoing or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit,

release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. The Court hereby approves a payment of fees and expenses in the amount of $ 750,000.00, which fees and expenses the Court finds to be fair and reasonable. Such sum shall be paid pursuant to the provisions of the Stipulation.

11. In the event that the Effective Date does not occur, then this Final Order and Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Final Order and Judgment shall be null and void, except as otherwise provided for in the Stipulation, and the Parties shall be returned to their respective positions immediately prior to the execution of the MOU and the Stipulation and the Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Action or any other litigation or judicial proceeding, or to constitute an admission of fact of wrongdoing by any party, shall not be used or entitle any party to recover any fees, costs, or expenses incurred in connection with the Action or in connection with any other litigation or judicial proceeding, and neither the existence of the Stipulation nor its contents nor any statements made in connection with the negotiation of the Stipulation or any settlement communications shall be admissible in evidence or shall be referred to for any purpose in the Action, or in any other litigation or judicial proceeding; provided, however, that in the event that the Parties are returned to their pre-MOU status, Plaintiff may make an application for a mootness fee in connection with the Company's withdrawal of the Proposed Amendments, which Defendants reserve the right to oppose.

12. Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Stipulation, the Settlement, and of this Judgment, to protect and effectuate

this Judgment, and for any other necessary purpose. Plaintiff, Defendants and each RCA stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: November 9, 2016

_____
U.S. District Judge